IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | No. 18-152 |
| | : | |
| TROY MERKE | : | |

McHUGH, J.                                                                                                                          APRIL 25, 2023

### MEMORANDUM

Petitioner/Defendant Troy Merke was on state parole when he committed a variety of federal offenses to which he pleaded guilty in this Court. Those offenses constituted a violation of the conditions of his state parole, and he received a separate state sentence which he appears to have served concurrently. That state sentence was then reduced, and he argues that this resentencing should operate to reduce his federal sentence, including his term of supervised release. He has since been released from state and federal custody, leading the Government to argue that his motion is moot. I disagree as to mootness, but conclude that Mr. Merke's remedy rested with the Bureau of Prisons, which he failed to pursue and exhaust. I will therefore deny his pending motion for relief.[1]

**I.    Relevant Background**

    **A.  Defendant's prior state criminal charges**

After a bench trial in September 2012, Judge Jeffrey Minehart in the Court of Common Pleas of Philadelphia County found Defendant Troy Merke guilty of voluntary manslaughter (unreasonable belief) and possession of an instrument of crime. *See Commonwealth v. Merke*, No.

---

[1] The motion is difficult to describe and categorize, but at noted below I will treat as a habeas petition brought under 28 U.S.C. § 2241.

146 EDA 2019, 2020 WL 1867023 at *3 (Pa. Super. Ct. Apr. 14, 2020).  On November 6, 2012, Judge Minehart sentenced Merke to a statutory mandatory minimum sentence of five to ten years of incarceration for his manslaughter conviction, and a consecutive five-year probationary term for his possession of an instrument of crime conviction.  *Id.*; *see also Commonwealth v. Merke*, CP-51-CR-0004503-2011.  Merke did not file a post-sentence motion or a direct appeal.  *Merke*, 2020 WL 1867023, at *3.  On December 27, 2015, Merke was released on parole.  Govt. Ex. A. at 1, ECF 96-2.

### B. Defendant's federal charges and proceedings

In April 2017, while on parole, Merke worked with his cousin to purchase multiple firearms even though he was prohibited from purchasing or possessing a firearm due to his manslaughter conviction.  ECF 57 at 4.  As a result of these purchases, Merke was ultimately charged with 17 counts of false statements to a federal firearms licensee and aiding and abetting in violation of 18 U.S.C. §§ 924(a)(1)(A) and (a)(2) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF 57.

On February 26, 2020, Merke entered a guilty plea to Counts 3 (false statements) and 17 (felony possession) of the second superseding indictment pursuant to a negotiated plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  In exchange for the guilty plea, the Government agreed to dismiss the remaining counts at sentencing.  ECF 73, 74, and 75. On October 15, 2020, Judge Jones of this Court sentenced Merke to 46 months' imprisonment on Counts 3 and 17 to be served concurrently with each other, three years of supervised release, a $5,000 fine, and a $200 special assessment. ECF 86. The remaining counts were dismissed in accordance with the terms of the plea agreement.  ECF 86 and 87.  Merke did not appeal this sentence.

### C. Recent factual history

After Merke filed a petition challenging his state conviction under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541 *et seq.*, the trial court reinstated his right to appeal his conviction and sentence *nunc pro tunc*. *Merke*, 2020 WL 1867023, at *3. In April 2020, the Superior Court affirmed Merke's conviction but vacated his sentence of incarceration for his manslaughter charge and remanded for resentencing. *Id.* at *5-6. In October 2021, Judge Scott DiClaudio of the Court of Common Pleas resentenced Merke to four and a half to nine years of incarceration for his manslaughter conviction, and a consecutive five-year probationary term for his possession of an instrument of crime conviction. *Merke*, CP-51-CR-0004503-2011.

On September 28, 2022, Merke filed the current *pro se* Motion to Modify and Reduce Sentence. ECF 91. In his Motion, Merke complains that this Court and the federal Bureau of Prisons ("BOP") have not taken his reduced state sentence into account and asserts that he is entitled to immediate discharge from state confinement, modification, or termination of his federal term of imprisonment, and termination of any supervised release sentence. At the time he filed his Motion, Merke was in state custody. *Id.* at 2.

On November 18, 2022, Judge DiClaudio of the Court of Common Pleas granted an oral motion by Merke for reconsideration of his sentence, substantially reduced Merke's sentence, and ordered that Merke be paroled immediately. *Merke*, CP-51-CR-0004503-2011. On November 30, 2022, Merke was transferred to federal custody by state authorities. ECF 96-2 at 1. Following the application of jail credits by the BOP, Merke was released from federal custody and began his federal term of supervised release on December 2, 2022. *See id.*; Govt. Ex. B, ECF 96-3.

The Government now asks that Merke's Motion be denied on mootness and exhaustion grounds. ECF 96.

**II.     Legal Standard**

While Merke does not specify the legal basis under which he seeks relief, because he seemingly challenges the way that the BOP calculated his sentence, I will treat his filing as a habeas petition under 28 U.S.C. § 2241. *See Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (stating that "[a] challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241," and suggesting that a habeas petition can be a proper mechanism to seek modification of a term of supervised release); *see also Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (stating that a habeas corpus petition under § 2241 can only be entertained by the court when a § 2255 motion is "inadequate or ineffective"). Habeas petitions under Section 2241 are governed by the standards and procedures set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2841 *et seq.*

**III.    Discussion**

Construed broadly, Merke's petition appears to request a reduction in his federal term of incarceration and a reduction in his term of supervised release. The Government opposes Merke's request on two bases, arguing primarily that Merke's claims are moot because he is no longer incarcerated, but also suggesting that Merke failed to first exhaust his claims with the BOP. Merke's claims are not moot, but I agree that Merke failed to exhaust, and I must dismiss his Motion on this basis.

   **A. Mootness**

The Government asserts that Merke's claims are moot because Merke is challenging his term of incarceration post-release. As such, the Government argues that Merke must establish some form of continuing collateral consequences flowing from his conviction and sentence to establish a live case or controversy.

Generally, once an individual's term of incarceration ends, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist" to maintain a suit challenging their conviction. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Similarly, a defendant serving a term of supervised release who only challenges their term of imprisonment must show collateral consequences from their conviction or imprisonment to overcome mootness issues. *See United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008) (applying *Spencer* to a range of procedural postures). But a defendant who is serving a term of supervised release who challenges his sentence of supervised release has certainly "raised a live case or controversy under Article III." *Id*. And the Third Circuit has emphasized that concerns about mootness and jurisdiction also do not arise when an individual on supervised release challenges their term of imprisonment and there is a possibility of a credit against a term of supervised release. *United States v. Cottman*, 142 F.3d 160, 164-65 (3d Cir. 1998); *see also Jackson*, 523 F.3d at 239 (explaining the continued validity of *Cottman* after *United States v. Johnson*, 529 U.S. 53 (2000)).

Here, the majority of Merke's motion focuses on the length of his term of imprisonment, and because Merke has been released from state and federal prison, the Government asserts that "Merke effectively obtained all the relief that he had sought in his *habeas* petition" and his claims are thus moot. ECF 96 at 7. But Merke's request for a modified term of imprisonment could have some bearing on the date his supervised release should have commenced, and his challenge to his term of incarceration is therefore not moot under *Cottman*. Moreover, Merke's motion goes beyond challenging his term of imprisonment, and explicitly asks for "termination of any and all Parole and / or Probation." ECF 91 at 2. I therefore find that I have jurisdiction to consider Merke's petition, even though his term of imprisonment is concluded.

### B. Exhaustion

While Merke's claims are not moot, I am nonetheless barred from considering his petition because he failed to present any facts suggesting that he pursued his request for a sentence recalculation with the BOP.

There is no statutory exhaustion requirement for claims asserted in a habeas petition under Section 2241, but the Third Circuit has "consistently applied an exhaustion requirement" to claims brought in this manner. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *see also United States v. Brann*, 990 F.2d 98 (3d Cir. 1993); *Arias v. U.S. Parole Comm'n*, 648 F.2d 196 (3d Cir. 1981). Issues regarding credit for time-served, for example, must first be exhausted with the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that the Attorney General, through the BOP, is responsible for administering sentences and computing time served, not the district court); *see also Brann*, 990 F.2d at 103-04 (holding that petitioner must first exhaust his claim regarding credit for pretrial detention with the Attorney General). The reasons for this requirement, especially in the time-served context, are straightforward: the appropriate agency can develop a factual record and apply its expertise, judicial time may be conserved if the agency grants the relief sought, and the agency may be given an opportunity to correct its own errors. *See Arias*, 648 F.2d at 199; *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996).

Despite this requirement, Merke provides no facts about any attempt to exhaust his claims with the Bureau of Prisons. His petition makes no mention of any attempt to discuss his concerns with anyone at the BOP while he was held in federal custody after his federal sentencing. It references no attempts to contact the BOP during the years he was held in state custody. And it contains no allegations that he alerted the BOP at any point after he won his sentencing appeal nor once his state sentence was reduced. Given that Merke was not incarcerated in a federal facility

for most of his term of imprisonment, and is now released from custody, I recognize that it may have been difficult for Merke to follow the traditional BOP administrative remedy procedure set forth at 28 C.F.R. § 542.10 *et seq.* But absent any facts whatsoever about exhaustion, it is impossible to assess if Merke ever tried to exhaust his claims through this remedy or alternative means. Without any facts to establish exhaustion, an essential prerequisite to claims asserted in a habeas petition under Section 2241, I am therefore constrained to deny Merke relief.

## IV.     Conclusion

For the reasons set forth above, Defendant's motion/petition will be denied. An appropriate order follows.

          s/ Gerald Austin McHugh
          United States District Judge